IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 APR 12 P 12: 30

CLERK
SO. DIST. OF GA.

GREGORY BERNARD SIMPSON,

Petitioner,

v. : CIVIL ACTION NO.: CV213-006

CLAY TATUM, Warden,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Gregory Simpson ("Simpson"), who is currently incarcerated at Hays State Prison in Trion, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction obtained in the McIntosh County Superior Court. Respondent filed a Motion to Dismiss, to which Simpson failed to respond. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Simpson was convicted, after a jury trial, in the McIntosh County Superior Court, of malice murder. Simpson was sentenced to life imprisonment, with the possibility of parole. Simpson filed a direct appeal, and his conviction and sentence were affirmed. Simpson v. State, 289 Ga. 685, 715 S.E.2d 142 (2011).

Simpson contends in his petition that his arrest violated his Fourth Amendment rights. Simpson also contends that the trial court erred in upholding his arrest. Simpson asserts that the trial judge permitted evidence that was illegally seized to be

presented at trial. Simpson alleges that his right to a fair trial was impaired in various ways, including the trial judge's failure to give an instruction on the chain of custody. Simpson also alleges that he received ineffective assistance of counsel. Respondent asserts that Simpson failed to exhaust his state remedies before he filed this petition, as he has a pending state habeas corpus petition.

## DISCUSSION AND CITATION OF AUTHORITY

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

>  (A) the applicant has exhausted the remedies available in the courts of the State; or
> 
>  (B)(i) there is an absence of available State corrective process; or
> 
>  (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839-40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a

state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) and (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Simpson filed his state habeas corpus application in the Superior Court of Chattooga County on October 30, 2012. (Doc. No. 7-1, p. 1). The respondent in that case filed his return and answer on February 13, 2013. (Doc. No. 7-2, p. 1). Based on Respondent's representation in this case, no evidentiary hearing has been scheduled in Simpson's state habeas corpus proceedings, nor has a final order been entered as

3

AO 72A
(Rev. 8/82)

of the date Respondent filed his Motion to Dismiss. Simpson executed this section 2254 petition on December 10, 2012.

It is evident that Simpson did not fully exhaust his state court remedies before he filed this section 2254. Simpson presents nothing which indicates that the State corrective process is absent or ineffective. Therefore, this Court will not entertain Simpson's petition.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Simpson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, without prejudice, based on his failure to exhaust his state remedies.

**SO REPORTED** and **RECOMMENDED**, this 12th day of April, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)